[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action, in which the plaintiff seeks a dissolution of marriage and related relief, was tried to the Court. Both parties were present and represented by counsel. The Court finds the issues and applies the law as follows, based upon the criteria of Sections 46b-81, 46-82 and 46b-84 of the Connecticut General Statutes.
The parties intermarried on August 10, 1979 and the statutory jurisdictional requirements have been proven. There was one minor child born to the parties — Douglas Peter Rogala, born August 28, 1979.
The marriage started off on a poor footing since the wife had misgivings about marrying the husband in the first place, and their basic incompatibility resulted in irreparable discord between them. The marriage has broken down irretrievably and it is ordered dissolved accordingly. CT Page 2479
This was the husband's first marriage. The wife had previously been married and had two sons by that marriage. For a period of time they lived with the Rogalas.
The wife shall have custody of the minor child with the husband having reasonable rights of visitation.
The husband shall pay the sum of $142.00 per week as support for the minor child. A contingent wage garnishment is ordered. (The Court is cognizant of the fact that the husband presently exercises visitation each weekend from Friday evening to Sunday evening, but notes that the wife has the burden of child care expenses.)
The wife shall be entitled to take the child as a deduction for federal income tax purposes.
The husband shall provide medical and dental insurance for said child as may be available through his employment. (The provisions of Conn. Gen. Stat. Sec. 46b-84c shall apply). Unreimbursed medical/dental expenses for said child be shared equally by the parties.
The jointly owned family home belonged to the wife before this marriage, although the husband did pay $4000.00 to the wife's first husband as part of the divorce settlement by which she obtained the property. The defendant husband's contributions toward acquisition and capital improvement to the property are considered hereinafter, however the wife shall retain this property.
The husband shall quit-claim to the wife his interest in the real estate known as 418 Hunter Road, Tolland, Connecticut. The wife shall assume the responsibility for the mortgage, taxes, insurance and other expenses in connection with said property.
The husband shall retain his interest in his employee savings and retirement plans.
If the wife elects, the husband shall provide her with health insurance coverage as may be available through "COBRA", however the wife shall be responsible for any costs to the husband in connection therewith.
The husband (who earns $17.30 per hour) shall pay alimony to the wife (who earns $8.00 per hour) in the amount of $50.00 per week for 75 weeks, subject to termination in the event of the wife's sooner death or remarriage. CT Page 2480
The husband shall maintain the minor child as the beneficiary of a life insurance policy with a face value of not less than $50,000.00 until said child reaches his eighteenth birthday.
The husband shall pay the wife the sum of $750.00 for counsel fees, within thirty (30) days of this order.
Each party shall keep the motor vehicles and personal property in their present possession.
KLACZAK, J.